IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DENNIS FARRELL SILER, II, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:12CV108<br>1:09CR219-1 |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Dennis Farrell Siler, II, a federal prisoner, brings a Motion [Doc. #23] and Amended Motion [Doc. #48] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which Respondent opposes with a Motion to Dismiss [Doc. #38].

Petitioner in this case pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and one count of possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). He subsequently received a sentence of 197 months of imprisonment for the drug offense, which represented a departure from the Guideline range that otherwise applied as a career offender under USSG § 4B1.1, a consecutive 60 months of imprisonment for possessing the firearm in furtherance of a drug offense, and a concurrent 120 months of imprisonment for possessing the firearm after a felony conviction. Petitioner contends in his original Motion that his sentence is not valid because, under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he is no longer properly classified as a career offender.

In his Amended Motion, he adds a claim that his attorney provided ineffective assistance at sentencing because he did not object to the application of the career offender enhancement based on the same arguments that ultimately prevailed in Simmons, which was pending at an early stage at that time.

Petitioner's claims directly challenging the application of the career offender enhancement are not cognizable under § 2255. In United States v. Foote, the United States Court of Appeals for the Fourth Circuit addressed the question of whether a career offender challenge was cognizable on collateral review, and held that a challenge to a career offender designation based on Simmons was not the type of alleged sentencing error that could be corrected on collateral review. United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015) (concluding that the petitioner's erroneous "career offender designation was not a fundamental defect that inherently results in a complete miscarriage of justice."). Likewise in the present case, Petitioner's career offender challenges based on Simmons are not cognizable in this collateral review proceeding in light of the decision in Foote.[1]

In Petitioner's Amended Motion, he alleges that his former attorney provided ineffective assistance of counsel by failing to object to the Presentence Report's application of the career offender enhancement. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard

---

[1] The Government also contends that Petitioner's claim is barred by an appeal and collateral review waiver included in his plea agreement. This argument would also defeat Petitioner's original § 2255 Motion. See Beckham v. United States, 592 F. App'x 223 (4th Cir. Feb. 9, 2015) (unpublished) (affirming the denial of a Simmons claim based on a plea agreement's waiver of collateral review rights).

2

<mark><mark></mark></mark>

for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). With respect to the first prong, petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). With respect to the second prong, to establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

Petitioner's ineffective assistance claim quickly fails because counsel is not ineffective for failing to anticipate changes in the law. See Lenz v. Washington, 444 F.3d 295, 306-07 (4th Cir. 2006) (citing Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995)). Notably in the present case, Petitioner's sentencing occurred well before the issuance of the ultimate en banc decision in Simmons. At the time of Petitioner's sentencing on March 18, 2010, the Court of Appeals for the Fourth Circuit still followed United States v. Harp, 406 F.3d 242 (4th Cir. 2005). Indeed, at the time of Petitioner's sentencing, a panel decision had been issued in the Simmons case, rejecting the defendant's claims and relying on Harp. That panel decision in Simmons was not vacated until June 21, 2010, three months after Petitioner's sentencing. See United States v. Simmons, 340 F. App'x 141 (4th Cir. 2009), cert. granted and judgment vacated, 561 U.S. 1001 (June 21, 2010). Although the panel decision in Simmons was vacated and ultimately replaced by the en banc decision upon which Petitioner' relies in his § 2255 Motion, Petitioner's sentencing attorney could not reasonably anticipate that final result at the time of Petitioner's sentencing, and he would have lost any objection if he had raised one at that time. In fact, the United States Supreme Court had not yet even decided the case of Carachuri-Rosendo v. Holder, 560 U.S. 563 (June 14, 2010), which was the case that resulted

3

in the vacating of the original Simmons panel decision. Petitioner cannot show deficient performance, and his ineffective assistance of counsel claim fails for that reason.

The Court previously entered an Order [Doc. #50] holding this matter in abeyance while Foote was pending. However, that stay should now be lifted and Petitioner's Motion and Amended Motion should be dismissed.

IT IS THEREFORE RECOMMENDED that the previous stay based on Foote be lifted, that Respondent's Motion to Dismiss [Doc. #38] be granted, that Petitioner's Motion [Doc. #23] and Amended Motion [Doc. #48] to vacate, set aside or correct sentence be dismissed, and that this action be dismissed.

This, the 29th day of June, 2016.

      /s/ Joi Elizabeth Peake
United States Magistrate Judge